**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

**WILLIE BOGARD**   **PLAINTIFF**

**v.**   **No. 4:11CV97-P-V**

**LT. A. PERKINS, ET AL.**   **DEFENDANTS**

**REPORT AND RECOMMENDATION**

On October 4, 2011, plaintiff Willie Bogard, an inmate in the custody of the Delta Correctional Facility with inmate number 30163, appeared before the undersigned for a hearing as set forth in *Spears v. McCotter,* 766 F.2d 179 (5th Cir. 1985), to determine whether there exists a justiciable basis for his claim filed under 42 U.S.C. § 1983. A plaintiff's claim will be dismissed if "it lacks an arguable basis in law or fact, such as when a prisoner alleges the violation of a legal interest that does not exist." *Martin v. Scott*, 156 F.3d 578 (5th Cir. 1998)(citations omitted). The Prison Litigation Reform Act applies to this case because the plaintiff was incarcerated when he filed this lawsuit.[1]

**Allegations**

The plaintiff, Willie Bogard, is a member of the Nazarite Religious (Hebrew Israelite) Faith. On May 9, 2011, while housed at the Delta Correctional Facility in Greenwood, Mississippi, Bogard received a rule violation report for violation of Mississippi Department of Corrections grooming standards. He was told that he could not wear his hair in dreadlocks, even though his locks were less than the maximum length permitted under Mississippi Department of Corrections policy. Bogard has worn his hair in this fashion for years without a single complaint

---

[1] 28 U.S.C. § 1915(g).

by prison officials. At the June 6, 2011, hearing on the rule violation report, the hearing officer changed the allegation in the rule violation report from the wearing of "twists" in Bogard's hair (which are not prohibited) to "braids" (which are). At the time, Bogard wore his hair neither in twists nor in braids, but in dreadlocks. As punishment for the alleged rule violation, Bogard lost all privileges (including conjugal visits with his wife).

On August 29, 2011, Unit Manager Speight placed Bogard in segregation for 72 hours for refusing to shave his head. Speight characterized this second rule violation as a refusal to obey the order of a staff member, rather than as violation of Mississippi Department of Corrections grooming standards. On August 31, 2011, Hearing Officer Sgt. E. Lewis found Bogard not guilty of the violation because his hair was under the maximum length (3 inches). After the hearing, Bogard did, however, agree to have his head shaved. Bogard testified at the *Spears* hearing that he feared further retaliation (including loss of conjugal visits) from Speight and only agreed to shave his head to prevent further placement in isolation. Bogard believed that Speight would continue to change the nature of the rule violation reports until Bogard was found guilty on one or more of the charges. When an inmate is found guilty of several rule violations, he faces not only the punishment for the individual rule violations, but also a downgrade in custody (which includes long-term loss of privileges). Bogard only agreed to shave his head to avoid further rule violations – and the risk of a downgrade in custody.

## Claims

Bogard alleges that the tenets of his religion require him to keep his hair in dreadlocks (which he calls, simply "locks"). He makes three claims. First, he argues that his dreadlocks comply with prison grooming standards, which he provided in his complaint.

Bogard's second claim is that the grooming standards, themselves, violate his right to the free exercise of his religion.

Bogard's third claim (raised in his recent motion for a temporary restraining order) – is that prison officials have retaliated against him for attempting to protect his constitutional rights through the grievance and judicial process – and he is afraid they will retaliate again.

## State's Failure to Follow It's Own Regulations

The court should dismiss Bogard's first allegation for failure to state a constitutional claim. *See Hernandez v. Estelle*, 788 F.2d 1154 (5th Cir. 1986), *Smith v. City of Picayune*, 795 F.2d 482 (5th Cir. 1986), *Giovanni v. Lynn*, 48 F.3d 908 (5th Cir. 1995) (a state's failure to adhere to its own regulations is not a constitutional violation). As such, the undersigned recommends that this allegation be dismissed for failure to state claim upon which relief could be granted.

## Personal Involvement Required for § 1983 Claim

The plaintiff testified at the *Spears* hearing that he had no contact with Warden Danny Scott. For this reason, defendant Scott should be dismissed with prejudice from this suit. Section 1983 liability cannot be predicated upon a *respondeat superior* theory. *Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978). For a plaintiff to state a viable cause of action pursuant to § 1983, he must "identify defendants who are either personally involved in the constitutional violation or whose acts are causally connected to the constitutional violation alleged." *Woods v. Edwards*, 51 F.3d 577, 583 (5th Cir. 1995) (citing *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983)). As Bogard concedes that defendant Scott had no involvement in the events giving rise to this suit, the undersigned respectfully recommends that this action be dismissed as to defendant Danny Scott for failure to state a constitutional question.

The plaintiff's allegation that the grooming standards of the Mississippi Department of Corrections violate his right to the free exercise of his religion should proceed, as should his claim of retaliation. By separate order, the court will direct process to issue for defendants

Perkins and Speight.

## Handling of Objections, Acknowledgment of Receipt

The appropriate procedures for filing objections to these findings and recommendations are found in 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b). Objections must be in writing and must be filed within fourteen (14) days of this date, and "a party's failure to file written objections to the findings, conclusions, and recommendation in a magistrate judge's report and recommendation within [14] days after being served with a copy shall bar that party, except on grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court . . . ." *Douglass v. United Services Automobile Assen*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*)(citations omitted); *see also United States v. Carillon-Morales*, 27 F.3d 1054, 1061-62 (5th Cir. 1994), *cert. denied*, 513 U.S. 1178, 115 S.C. 1163, 130 L. Ed. 1119 (1995).

The plaintiff must acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the clerk of the court within fourteen (14) days of this date. *Failure to comply with the requirements of this paragraph may lead to dismissal of this lawsuit under Fed. R. Civ. P. 41(b) for failure to prosecute the claim and for failure to comply with an order of the court.*

Respectfully submitted this 1st day of November, 2011.

/s/   Jane M. Virden
UNITED STATES MAGISTRATE JUDGE