# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

WILLIE BOGARD  PLAINTIFF

v.  No. 4:11CV97-P-V

LT. A. PERKINS, ET AL.  DEFENDANT

**ORDER DENYING PLAINTIFF'S MOTION [8]
FOR A TEMPORARY RESTRAINING ORDER
OR PRELIMINARY INJUNCTION**

This matter comes before the court on the plaintiff's motion [8] for a temporary restraining order or preliminary injunction. Bogard's religion requires him to wear his hair in dreadlocks. He would like to do so, but he claims that the defendants have persecuted him for this practice, and he shaved his head to escape that persecution. The plaintiff claims that the defendants have thus retaliated against him for exercising his right to the free practice of religion. He seeks an order from the court to stop the defendants from retaliating against him for wearing dreadlocks.

A party must prove four elements to be entitled to preliminary injunctive relief: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction is not issued; (3) that the threatened injury to the movant outweighs any harm that may result from the injunction to the non-movant; and (4) that the injunction will not disserve the public interest. *DSC Communications Corp. v. DGI Technologies, Inc.*, 81 F.3d 597, 600 (5th Cir. 1996); *Rodriguez v. United States*, 66 F.3d 95, 97 (5th Cir. 1995), *cert. denied*, 116 S. Ct. 1058, 134 L. Ed. 2d 202 (1996); *Cherokee Pump & Equipment, Inc. v. Aurora Pump*, 38 F.3d 246, 249 (5th Cir. 1994); *Doe v. Duncanville Independent School District*, 994 F.2d 160, 163 (5th Cir. 1993); *Plains Cotton Co-op Association v. Goodpasture Computer Serv., Inc.*, 807 F.2d

1256, 1259 (5th Cir.), *cert. denied*, 484 U.S. 821, 108 S. Ct. 80, 98 L. Ed. 2d 42 (1987); *Canal Authority of Florida v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974). A preliminary injunction is an extraordinary remedy. *Cherokee Pump*, 38 F.3d at 249. It is "not to be granted routinely, but only when the movant, by a clear showing, carries [the] burden of persuasion." *Black Fire Fighters Association v. City of Dallas*, 905 F.2d 63, 65 (5th Cir. 1990) (quoting *Holland American Insurance Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1985)); *Cherokee Pump*, 38 F.3d at 249 (quoting *Mississippi Power & Light v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985)) ("The decision to grant a preliminary injunction is to be treated as the exception rather than the rule").

The second and third factors (substantial threat irreparable harm to Bogard – harm that outweighs the potential harm to the defendants should the injunction be granted) do not weigh in the plaintiff's favor. Bogard acknowledges that his head has already been shaved (as the court noted at the recent hearing held under *Spears v. McCotter,* 766 F.2d 179 (5th Cir. 1985)). As such, Bogard has already suffered the harm – which thus no longer threatens him. Indeed, though the plaintiff has alleged injury (the cutting of his dreadlocks), his hair will undoubtedly grow back, and his injury does not qualify as irreparable. Further, the propriety of the defendants' decision to impose discipline upon Bogard is one of the subjects of the present litigation – and would best be decided as the case progresses normally – rather than using the extraordinary remedy of a temporary restraining order or preliminary injunction.

The first factor (likelihood of success on the merits) is difficult to analyze at this stage of litigation – and thus weighs neither toward granting nor denying the present motion. Finally, as the court cannot see how issuing the injunction would disserve the public interest, this factor weighs in favor of the plaintiff.

Having weighed the four factors, the court holds that they weigh against plaintiff's request for a temporary restraining order or preliminary injunction, which is therefore **DENIED**.

**SO ORDERED,** this the 1st day of November, 2011.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE