**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**WILLIE BOGARD**                                                                                          **PLAINTIFF**

**v.**                                                                                                    **No. 4:11CV97-M-V**

**LT. A. PERKINS, ET AL.**                                                                                **DEFENDANT**

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* prisoner complaint of Willie Bogard, who challenges the conditions of his confinement under 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. The defendants have filed a motion for summary judgment in this case. Bogard has not responded, and the deadline for response has expired. For the reasons set forth below, the defendants' motion for summary judgment will be granted, and the judgment will be entered for the defendants.

**Summary Judgment Standard**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). "The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the nonmoving party to carry its burden." *Beck v. Texas State Bd. of Dental Examiners*, 204 F.3d 629, 633 (5th Cir. 2000) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), *cert. denied*, 484 U.S. 1066 (1988)). After a proper motion for summary judgment is made, the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue

for trial. *Anderson v. Liberty Lobby,* Inc., 477 U.S. 242, 249, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986); *Beck*, 204 F.3d at 633; *Allen v. Rapides Parish School Bd.*, 204 F.3d 619, 621 (5th Cir. 2000); *Ragas v. Tennessee Gas Pipeline Company*, 136 F.3d 455, 458 (5th Cir. 1998). Substantive law determines what is material. *Anderson*, 477 U.S. at 249. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.*, at 248. If the non-movant sets forth specific facts in support of allegations essential to his claim, a genuine issue is presented. *Celotex*, 477 U.S. at 327. "Where the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 89 L. Ed. 2d 538 (1986); *Federal Savings and Loan, Inc. v. Krajl*, 968 F.2d 500, 503 (5th Cir. 1992). The facts are reviewed drawing all reasonable inferences in favor of the non-moving party. *Allen*, 204 F.3d at 621; *PYCA Industries, Inc. v. Harrison County Waste Water Management Dist.*, 177 F.3d 351, 161 (5th Cir. 1999); *Banc One Capital Partners Corp. v. Kneipper*, 67 F.3d 1187, 1198 (5th Cir. 1995). However, this is so only when there is "an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994); *see Edwards v. Your Credit, Inc.*, 148 F.3d 427, 432 (5th Cir. 1998). In the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Little*, 37 F.3d at 1075 (emphasis omitted).

**Factual Allegations**

Willie James Bogard is an inmate in the custody of the Mississippi Department of Corrections ("MDOC") serving time for aggravated assault and burglary. From April 8, 2011 through January 4, 2012, he was housed at Delta Correctional Facility ("DCF") in Greenwood, Mississippi. Plaintiff, a purported member of the Nazarite religious faith, brings this case under 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act ("RLUIPA") alleging defendants violated his constitutional rights by cutting his hair and retaliated against him by issuing him a Rule Violation Report. On January 4, 2012, plaintiff was transferred to the Marshall County Correctional Facility ("MCCF") in Holly Springs, Mississippi. Plaintiff's transfer was part of a statewide effort to transition inmates to other facilities due to the closure of DCF. As of January 31, 2012, operations at DCF have ceased, and there is no indication CCA will resume operations at DCF in the foreseeable future. In his complaint, plaintiff requests an injunction prohibiting defendants from cutting his hair or shaving his head. As the plaintiff no longer resides at DCF and because there is no possibility he will ever return to DCF, his claims for injunctive relief are moot and will be dismissed.

In addition, Bogard's claim of intrusion upon his right to the free exercise of his religion under Religious Land Use and Institutionalized Persons Act must be dismissed for failure to state a constitutional claim. RLUIPA § 3(a), the relevant provision here, provides:

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution ... even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person –

> (1) is in furtherance of a compelling governmental interest; and
>
> (2) is the least restrictive means of furthering that compelling governmental interest.

42 U.S.C. § 2000cc-1(a). Though the Mississippi Department of Corrections grooming policy likely places a substantial burden on Bogard's free exercise rights under the First Amendment, as a matter of law, his allegations do not state a claim under RLUIPA because the prison has a compelling interest in requiring male inmates to wear short hair. *Longoria v. Dretke*, 507 F.3d 898, 904 (5th Cir. 2007). In *Longoria*, the Fifth Circuit held that a prison's interest in ease of identification of inmates is a compelling one – and that requiring inmates to groom their hair short was the least intrusive means to accomplish that end. *Id*. Under these facts, the Mississippi Department of Corrections grooming policy is appropriate under RLUIPA, and the plaintiff's claim regarding keeping his hair in dreadlocks fails as a matter of law.

The prisoner plaintiff does not have the right to keep his hair in dreadlocks under either the First Amendment or RLUIPA; as such, his claim against the defendants for retaliation also fails. The elements of a claim under a retaliation theory are the plaintiff's invocation of "a specific constitutional right," the defendant's intent to retaliate against the plaintiff for his or her exercise of that right, a retaliatory adverse act, and causation, *i.e.*, "but for the retaliatory motive the complained of incident . . . would not have occurred." *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir.1995) (citations omitted ), *cert. denied*, 516 U.S. 1084, 116 S. Ct. 800, 133 L. Ed. 2d 747 (1996). In this case, Bogard must prove that he engaged in constitutionally protected activity, faced a consequence of placement in isolation, and that such action was taken "in an effort . . . to punish [him] for having brought suit." *Enplanar, Inc. v. Marsh*, 11 F.3d 1284, 1296 (5th Cir.), *cert. denied*, 513 U.S. 926, 115 S. Ct. 312, 130 L. Ed. 2d 275 (1994); *see also Serio v. Members*

*of Louisiana State Board of Pardons*, 821 F.2d 1112, 1114 (5th Cir.1987). The relevant showing in such cases must be more than the prisoner's "personal belief that he is the victim of retaliation." *Edwards*, 51 F.3d at 580. *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997). As discussed above, any right Bogard may have in wearing his hair in dreadlocks is overcome by the State's compelling interest in easily identifying inmates. As he does not have the right to keep his hair in dreadlocks, the defendants were justified in creating a grooming standard and punishing Bogard for failing to adhere to that standard. For these reasons, Bogard's retaliation claim must also fail.

In sum, all of the plaintiff's allegations will be dismissed for failure to state a claim upon which relief could be granted. A final judgment consistent with the memorandum opinion will issue today.

**SO ORDERED,** this the 9th day of September, 2013.

                                      **/s/ MICHAEL P. MILLS**
                                      **CHIEF JUDGE**
                                      **UNITED STATES DISTRICT COURT**
                                      **NORTHERN DISTRICT OF MISSISSIPPI**